```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────
YANGCHUN WANG,
                                          25-cv-9460 (JGK)
                    Petitioner,
                                          MEMORANDUM OPINION
          - against -                     AND ORDER

KENNETH GENALO, ET AL.,

                    Defendants.
─────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

On November 13, 2025, Petitioner Yangchun Wang ("Wang") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE") and seeking his immediate release from ICE custody. See Pet. for Writ of Habeas Corpus ("Pet.") 1-2, ECF No. 3. Wang alleges that he was arrested by ICE in Brooklyn, New York on November 12, 2025. Id. ¶ 19. For the reasons explained below, the petition is **granted in part and denied in part.**

I.

Wang is a citizen and native of China. Decl. of Mincheol N. So ("So Decl.") ¶ 3, ECF No. 7. He entered the United States on June 15, 2025, by crossing the border from Mexico without being inspected. Id. ¶ 4; Pet. ¶¶ 15-16. Wang has lived in the United States for over five months and does not have any criminal history. Pet. ¶ 18.

On November 12, 2025, ICE officers arrested Wang in Brooklyn, New York. Pet. ¶ 19; So Decl. ¶ 4. Wang was then transported to 26 Federal Plaza, New York, New York. So Decl. ¶ 4. That same day, Wang was transferred to the Delaney Hall Detention Facility in Newark, New Jersey. Id. ¶ 6. On November 21, 2025, Wang was transferred to the Metropolitan Detention Center, Brooklyn, New York, where he is currently being held. Id. ¶ 7.

## II.

The parties agree that the principal legal question presented by the petition is whether the petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2)(A) or, alternatively pursuant to 8 U.S.C. § 1226(a). See Pet. ¶ 28-31; Gov't Resp. to Pet. ("Resp.") 2-3, ECF No. 8.

Section 1225(b)(2)(A) requires the detention of noncitizens "seeking admission" to the country, whereas § 1126(a) authorizes discretionary detention of noncitizens who are "already in the country." Jennings v. Rodriguez, 583 U.S. 281, 288-89 (2018). Detention under § 1225(b)(2)(A) permits only temporary parole "for urgent humanitarian reasons or significant public benefit," and does not provide for a bond hearing. Id. at 283. By contrast, under § 1226(a), the Attorney General "may release the alien on bond of at least $1,500 . . . or conditional parole," 8 U.S.C. § 1226(a), and the detainee may seek review of an initial

custody determination, including bond, before an immigration judge, 8 C.F.R. § 1236.1(d)(1).

As the Government concedes, Resp. 3, the Court has already concluded, in Romero Perez v. Francis, No. 25-cv-8112, 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025), that § 1226 governs the detention of aliens arrested within the United States under conditions similar to those of the petitioner in this case. See id. at *2. Therefore, for the reasons explained in Romero Perez, the petitioner in this case may only be subject to detention under § 1226(a) after a bond hearing. See id. at *2-3.

## CONCLUSION

For the foregoing reasons, the petition is **granted in part and denied in part.** The Government shall ensure that the petitioner receives a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) **within seven (7) days** of this Memorandum Opinion and Order; if no hearing is held by that deadline, the Government shall immediately release the petitioner. At the hearing, the Government shall bear the burden to prove, by clear and convincing evidence, that the petitioner is a danger to the community or a risk of flight. The petition is **denied** insofar as it seeks immediate release. No other relief is necessary at this time.

The Clerk is respectfully directed to close this case.

**SO ORDERED.**
Dated:   New York, New York
         December 3, 2025

_____
John G. Koeltl
United States District Judge